JOSEPH L. DOBBIN v. MORRIS McDONALD.[1]

March 5, 1895.

No. 9102.

Lease—Holding Over—Surrender of Possession.

Held, that the evidence in this case was ample to support the controlling findings of fact.

De Minimis non Curat Lex.

Application of the maxim, "De minimis non curat lex."

Appeal by plaintiff from a judgment of the municipal court of Minneapolis, Mahoney, J., in favor of defendant. The facts are stated in the opinion. Affirmed.

Geo. R. Robinson, Chas. E. Bond, and J. L. Dobbin, of counsel, for appellant.

W. A. Lancaster, for respondent.

COLLINS, J. The judgment appealed from in this case must stand affirmed if there was evidence sufficient to support the finding of fact made by the trial court that on May 4, 1891, the defendant surrendered possession of the leased premises to the plaintiff; that the latter accepted such possession, and attempted to rent the property in his own right, and not for defendant's benefit. There was an abundance of testimony to sustain the finding. The plaintiff was informed in March, 1891, that at the expiration of the lease, April 30, defendant would move out. On April 17 he put the premises in the hands of a rental agent, and a placard was put up on the house announcing it "For Rent," the placard remaining up so long as defendant occupied the same. April 29 the plaintiff re-

[1] Reported in 62 N. W. 437.

ceived a letter from defendant, in which the latter stated that he would vacate at the expiration of the lease, "or within a few days of the time." To this plaintiff made no reply or objection, and the last of defendant's goods were removed May 4. That day the keys of the house were sent to plaintiff's office, but they did not come to his hands until May 8. May 26 plaintiff addressed a letter to defendant demanding that he call and settle for damages done to the property. May 29, when replying to the letter, defendant inclosed a sum sufficient to pay the rent for the four days' occupation in May, but plaintiff returned it, saying, briefly, that he would not accept it. In the letter of May 26 plaintiff did not intimate that there was anything due him for rent, nor did he ever make such a claim until this action was brought, in February, 1893, to recover for 12 months' use of the premises as a tenant, commencing May 1, 1891, at the rental per month fixed by the lease made May 1, 1890, less the amount received from another tenant for a part of the time, at a reduced figure. From this statement it will appear beyond question that the findings were properly made. The evidence is almost conclusive that the plaintiff consented to defendant's occupation for a few days after April 30, and that the claim for rent made almost two years later, for the first time, was an afterthought.

There is no merit in any of the assignments of error relating to the admission of evidence. The plaintiff's counsel urges that his client should, at least, have recovered the amount due as rent for the few days in May, amounting to less than $5, and once refused by him. We might dispose of this point by saying that it is now made for the first time, or on another ground; but, under the circumstances, we prefer to apply the maxim, "De minimis non curat lex." This maxim seems to fit the case better than any ordinary rule of law.

Order affirmed.